UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

ALEX ULLOA,

Defendant.

---

19-CR-707 (RMB)

DECISION & ORDER

Berman, J.:

**I. Background**

On December 14, 2021, Alex Ulloa was sentenced to a statutory mandatory minimum 120-month term of imprisonment followed by 5 years of supervised release following his plea of guilty, on March 10, 2021, to one count of "conspiracy to distribute and possess with intent to distribute cocaine" in violation of 21 U.S.C. § 846, § 841(a)(1), and § 841(b)(A)(1).[1] See Judgment, dated Dec. 14, 2021, at 1 (ECF No. 75). His guidelines range was 135 to 168 months' incarceration, based on an offense level of 33 and a criminal history category of I. See Presentence Investigation Report, dated May 4, 2021, at 15 (ECF No 54).

On October 10, 2023, Defendant filed a *pro se* petition for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 821 to the United States Sentencing Guidelines. See Def.'s Mot., dated Oct. 10, 2023, at 3 (ECF No. 84). Defendant stated that "he

---

[1] Mr. Ulloa was "knowin[ly] involve[ed] in a high-volume narcotics trafficking" operation. See Sent'g Tr. 8:17-19. Law enforcement seized 22.85 kilos of cocaine, approximately $200,000 in cash, a firearm, 20 rounds of ammunition, cutting agents for narcotics, presses, a currency counter and plastic wrappers from Mr. Ulloa's residence. *See id.* at 5:1-5.

1

believes he meets the criteria requirements to receive [a] two-point reduction of his offense level" because he allegedly received zero (0) criminal history points at sentencing. *Id.*

Amendment 821 went into effect on November 1, 2023 and was made retroactive by the U.S. Sentencing Commission. *See* U.S.S.G. § 1B1.10(d). It provides for resentencing and a two-level decrease in the Offense Level where: (1) a defendant did not receive any criminal history points at sentencing, and (2) a defendant's offense did not include any of the (nine) categories listed in Section 4C1.1(a), including, without limitation, the use of violence, possession of a firearm, an act of terrorism, or any of six other specific categories. *See* U.S.S.G. § 4C1.1(a)(1)–(10).

The Government and the U.S. Probation Office **oppose** Mr. Ulloa's petition for a sentence reduction. *See* Gov't Letter, dated Dec. 3, 2023, at 1 (ECF No. 89); Supplemental Presentence Investigation Report, dated Nov. 22, 2023, at 2 (ECF No. 88). The Government contends (persuasively) that Mr. Ulloa is ineligible for a sentence reduction for two reasons. *See* Gov't Letter, dated Dec. 3, 2023, at 2 (ECF No. 89). First, "the defendant's assertion that he had zero criminal history points is incorrect. . . . [H]e had one criminal history point." *Id.* at 3. Second, "the defendant's offense involved possession of a firearm." *Id.* The Government also contends that, even if Mr. Ulloa were otherwise eligible for a sentence reduction, "the defendant's sentence cannot be reduced below the 120-month mandatory minimum sentence that he already received." *Id.*

On January 23, 2024, the Court requested that the Federal Defenders "make a written submission regarding Defendant Ulloa's motion for a sentence reduction." Order, dated Jan. 23, 2024 (ECF No. 91). By letter dated January 24, 2024, the Federal Defenders informed the Court

that they "ha[d] nothing to add to Mr. Ulloa's *pro se* motion." Def.'s Letter dated 1/24/24 at 1 (ECF No. 92).

## II. Conclusion and Order

Based upon the record herein, including Defendant's motion, dated October 10, 2023, the Government's response, dated December 3, 2023, the Supplemental Presentence Report, dated November 22, 2023, and upon the record in this case, the Court finds that Mr. Ulloa is ineligible for a sentence reduction under Amendment 821 of the United States Sentencing Guidelines because he received one criminal history point at sentencing and because he possessed a firearm in connection with his offense. *See* U.S.S.G. § 4C1.1(a)(1), (7).

_____
Richard M. Berman
United States District Judge

Dated: February 27, 2024
      New York, New York

**Copies Mailed By Chambers**

3