**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

-against-

ALEX ULLOA,

Defendant.

19 Cr. 707 (RMB)

**DECISION & ORDER**

Defendant Alex Ulloa filed a *pro se* motion seeking (i) reconsideration of the Court's April 17, 2025 Decision & Order denying Defendant's motion for compassionate release because, among other things, on the factors here compassionate release is inconsistent with 18 U.S.C. § 3553(a); and/or (ii) reopening the deadline to file a notice of appeal "due to lack of notice." (Def. Mot. for Reconsideration, dated Sept. 8, 2025, at 3, 6). The Government counters that reconsideration is "unjustified" because "the [Defendant's] motion fails to identify any facts or controlling law that were overlooked by the Court in . . . denying compassionate release," and there is no "legal mechanism by which the Court could reopen the time to appeal." (G'vt Opp'n, dated Sept. 26, 2025, at 2).

**For the reasons stated below, Defendant's motion is respectfully denied.**

## I. Legal Standard

Where a "[d]efendant is proceeding *pro se*, his submissions are 'construed liberally and interpreted to raise the strongest arguments that they suggest.'" *United States v. Moore*, 2020 WL 3428107, at *1 (S.D.N.Y. June 23, 2020).

"The standard for granting reconsideration is 'strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.'" *United States v. Romero*, 2025 WL 1732987, at *1 (2d Cir. 2025).

"[A] motion for reconsideration may not be . . . used as a vehicle for relitigating issues already decided by the Court." *Simon v. United States*, 2021 WL 242360, at *2 (S.D.N.Y. Jan. 25, 2021). Nor may it be "used to advance new facts, issues, or arguments not previously presented to the Court[.]" *Id.*

## II. Analysis

Defendant "has pointed to no controlling decision or law or data that the Court previously overlooked." *United States v. Sanchez*, 2020 WL4742915, at *1 (S.D.N.Y. July 6, 2020). As the Government points out, "the defendant's motion . . . reasserts the same arguments," i.e., Defendant relitigates issues in the original motion for compassionate release. (G'vt Opp'n, dated Sept. 26, 2025, at 2).

Defendant repeats arguments that have already been rejected by the Court, including: (i) "extraordinary and compelling . . . chronic health conditions;" (ii) absence of danger to the community; (iii) "public safety is protected without further incarceration;" (iv) "rehabilitation and good conduct;" and (v) reoffending. (Def. Mot. for Reconsideration, dated Sept. 8, 2025, at 6; Def. Reply, dated Oct. 14, 2025, at 3; Decision & Order, Apr. 17, 2025, at 2, 4, 7, 9). "A motion to reconsider should not be granted where the moving party . . . seeks to relitigate an issue that is already decided." (G'vt Opp'n, dated Sept. 26, 2025, at 1-2).

Defendant raises two additional arguments, namely: (i) that he has "already served more than 70% of his sentence;" and (ii) that he has a reentry plan which includes "family support, stable housing, and employment opportunities." (Def. Mot. for Reconsideration, dated Sept. 8, 2025, at

6). These two arguments — however positive they may sound — are not properly before the Court on reconsideration. That is, "new arguments cannot be raised in a motion for reconsideration." *Williams v. Rock*, 2014 WL 3882331, at *4 (E.D.N.Y. Aug. 6, 2014).

**Section 3553(a) Factors**

Even assuming the Defendant's arguments were properly before the Court, none are persuasive. *Simon*, 2021 WL 242360, at *2. That is, "the Section 3553(a) factors weigh conclusively in favor of maintaining the original 120-month sentence." (G'vt Opp'n, dated Jan. 29, 2025, at 1); *see also United States v. Clott*, 2022 WL 2354523, at *2 (S.D.N.Y. 2022) (quoting *United States v. Serrano*, 2020 WL 5259571, at *4 (S.D.N.Y. Sept. 3, 2020)).[1] For example, danger to the community disfavors Defendant's early release. *United States v. Martinez*, 2020 WL 4677433, at *2 (S.D.N.Y. Aug. 12, 2020). Defendant held a prominent role in "a drug trafficking operation," which presents "a huge danger to the community" (S'ntg Tr., dated Dec. 14, at 9). And, Defendant employed a loaded firearm in furtherance of the (drug) conspiracy. (G'vt Opp'n, dated Jan. 29, 2025, at 4); *see United States v. Ramos*, 2020 WL 3642050, at *3 (July 6, 2020). The Court cannot find that sentence reduction "is compatible with public safety." *Id.*

The nature and circumstances and the seriousness of Defendant's offense also weigh against a sentence reduction. *See Martinez*, 2020 WL 4677433, at *2. "The offense conduct included the seizure of approximately 22.85 kilos of cocaine, approximately $200,000 in cash, a firearm, 20 rounds of ammunition, cutting agents for narcotics, presses, a currency counter[,] and plastic wrappers." (S'ntg Tr., dated Dec. 14, 2021, at 5). Defendant "[was] responsible for the distribution of at least 15 kilograms . . . of cocaine." (PSR, at 7). Further, Defendant's apartment was "used as

[1] "These factors include: (1) the nature and circumstances of the offense, (2) the history and characteristics of the defendant, (3) the need to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment and to afford adequate deterrence and (4) the need to protect the public." *United States v. Arbabasiar*, 2026 WL 1661993, at *7 (S.D.N.Y. June 9, 2026).

a stash house." (S'ntg Tr., dated Dec. 14, 2021, at 8). At sentencing, the Court stated that this conduct must "be treated with the utmost seriousness." (S'ntg Tr., dated Dec. 14, 2021, at 19). The 120-month sentence "reflects the seriousness of the offense, promotes respect for the law, provides a just punishment, affords adequate deterrence, [and] protects the public from further crimes." (S'ntg Tr., dated Dec. 14, 2021, at 19); *see Martinez*, 2020 WL 4677433, at *2.

**Reopening the Time to File Notice of Appeal is Denied**

Defendant has requested that the Court reopen the time to file a notice of appeal. (Def. Mot. for Reconsideration, dated Sept. 8, 2025, at 4). He alleges that he "did not receive timely notice of the April 17, 2025 order." (Def. Mot. for Reconsideration, dated Sept. 8, 2025, at 5). While the Defendant represents that "he did not receive timely notice," the Court is "unaware of any formal legal mechanism by which the Court could reopen the time for appeal." (G'vt Opp'n, dated Sept. 26, 2025, at 2). "A notice of appeal in a criminal case must be filed within 14 days of the entry of the judgment or order being appealed." *United States v. Hernandez*, 669 Fed. App'x 39, 39 (2d Cir. 2016). Defendant failed to file a notice of appeal by the May 1, 2025 deadline. *See id*; (G'vt Opp'n, dated Sept. 26, 2025, at 2).

For the reasons stated above, and based upon the record, Defendant's motion is respectfully denied.

Date: November 18, 2026
New York, New York

RMB

RICHARD M. BERMAN, U.S.D.J.